FRANK E. ADAMS, Plaintiff and Appellee-Appellant, v. ROBERTO QUINTERO, Defendant and Appellant-Appellee.

No. 4726.    Argued December 3, 1931.—Decided November 15, 1932.

Henri Brown, C. Ruiz Nazario, G. E. González, and G. Benítez Gautier (Salvador Suau and F. Prieto Azúar on the brief), for defendant-appellant. L. Feliú (Feliú & La Costa on the brief) for plaintiff-appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiff claims damages in the sum of $2,280 for the loss of the use of a damaged automobile and in the sum of $500 as the estimated cost of repairs. The district court, after a trial on the merits, rejected the claim for loss of use and rendered judgment in favor of plaintiff for $353.40 to cover the cost of repairs. Both parties appeal.

The district court did not err in finding that the accident was due to the negligence of defendant, nor in awarding damages to plaintiff in a sum equal to that already expended by an insurance company in making repairs under a policy taken out by plaintiff.

The district judge based his refusal to allow damages for loss of use upon an *obiter dictum* in *Morales* v. *Caraballo*, 27 P.R.R. 544. In that case we were inclined to agree with appellant that the money spent by plaintiff for automobile hire was not a proper measure of damages but the question was not definitely decided and the case was disposed of on other grounds. In *González* v. *Malgor, Luiña & Co.*, 29 P.R.R. 97, where the damaged automobile had been used in the transportation of passengers for hire, this court held that a recovery of $10 per day for loss of use was proper.

Plaintiff herein used his car primarily in going to and from his office and in taking his children to and from school. He also used it as a family car. In an action to recover the cost of repairs when the car is so used, the loss of use during the time reasonably necessary for such repairs is a proper element of damage. 42 C. J. 1291, section 1167.

It is a conceded fact that plaintiff's car could have been restored to the condition in which it was before the accident. Certain parts, not obtainable in the island, were ordered from the mainland. There is no satisfactory explanation as to why the repairs were not completed within four months. There is nothing to show what would have been a reasonable time for the making of such repairs. Defendant was not responsible for any unnecessary delay either by plaintiff or by the insurance company. Giving defendant the benefit of any doubt as to the length of time required, three weeks, we think, would be a conservative estimate.

We find no abuse of discretion in the award of costs to plaintiff.

The judgment appealed from will be modified by including therein an award of $210 as damages for plaintiff's loss of the use of his car, and as modified, affirmed.